# Exhibit D

CONFIDENTIAL

1

```
     X8C3YUNIC                         SEALED

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNILEVER SUPPLY CHAIN,
     INC., et al.,
 4
                   Plaintiffs,
 5
             v.                               08 Civil 3775 (AJP)
 6
     GLOBAL HEALTH
 7   TECHNOLOGIES, INC., et al

 8                 Defendants.

 9   ------------------------------x

10

11

12

13                                            December 3, 2008
                                              3:30 p.m.
14

15

16

17
     Before:
18
             HON. ANDREW J. PECK
19
                                              Magistrate Judge
20

21

22

23

24

25
```

```
X8C3YUNIC                    SEALED
```

1                          APPEARANCES

2

3   DUANE MORRIS
    Attorneys for Plaintiffs
4        1540 Broadway
         New York, New York
5   GREGORY P. GULIA, ESQ.,
    CHRISTOPHER J. ROONEY, ESQ.,
6   ERIC W. MCCORMICK, ESQ.,
         Of counsel
7

8   VENABLE, LLP
    Attorneys for Defendants
9        575 Seventh Street, N.W.
         Washington, D.C.
10  ROGER A. COLAIZZI, ESQ.,
         Of counsel
11
    ALSO PRESENT:
12
         STUART COBERT
13       GREGORY PETRIE

14

15                         - - -

16

17       THE COURT: We are on the record in Unilever Supply

18  Chain, Inc., et al against Global Health Technologies, Inc.,

19  Wellnx Life Sciences, Inc., et al, 08 Civil 3775 to record

20  settlement agreements that the parties reached last week or so

21  and today with the court's assistance.

22       I will ask Mr. Colaizzi to be the spokesperson. If

23  anybody on each side of the table or the opposite side needs to

24  clarify anything to give the universal sports time out signal

25  and I will tell the reporter to go off the record.

1            I am going to ask counsel and their client to pay
2    careful attention to the statement of the settlement terms on
3    the record because at the end I will be asking lead counsel and
4    the client representative for each side to affirm that that is,
5    indeed, the settlement they have reached and the court
6    reporter's transcript will be the only and binding settlement
7    documentation of this agreement.
8            The parties have agreed to amicably resolve this
9    dispute without any admission of fault or liability on either
10   side and has further requested that the terms of the settlement
11   are and will be held confidential and not revealed to
12   outsiders.  However, the parties may state that the case has
13   been settled or amicably resolved without revealing any of the
14   terms thereof and, in addition, if any party is subpoenaed or
15   otherwise required by lawful court order to reveal the contents
16   of the settlement agreement or the terms, they are free to do
17   so provided, however, that they first give the other side
18   prompt notification to allow the other side to intervene or
19   take other appropriate action to protect their interests in
20   connection with the settlement.
21           The parties further agree that the court can enter an
22   order when they have agreed to this at the end, enter an order
23   dismissing the case with prejudice and without costs and that I
24   can enter that order on my authority pursuant to 28 U.S. Code
25   Section 636(c).

1           With that, Mr. Colaizzi, why don't you state the more
2  substantive terms, in any event, the remaining terms that the
3  parties have agreed upon.
4           MR. COLAIZZI:  Okay, your Honor.  Thank you.
5           Roger Colaizzi on behalf of defendants.
6           I will read the terms I think we all agreed to.
7           Plaintiffs will dismiss the complaint with prejudice,
8  including the claims for damages and attorneys' fees.
9           Each party will bear its own costs in connection with
10  the action in compliance with all settlement terms agreed upon
11  by the parties.
12           Defendants will limit their use of the SLIMQUICK name
13  to only "dietary supplements" as defined in Section 3 of the
14  Dietary Supplements Health and Education Act of 1994, Public
15  Law 103-417 as that act has been interpreted and applied by the
16  U.S. Food and Drug Administration.
17           Defendants will add a word "house mark, such WELLNX to
18  the back or side panel other than the nutritional panel of the
19  product packaging for their SLIMQUICK product.  Such mark will
20  be located at the top of such panel of a noticeable size with a
21  spatial separation from other types or text.
22           Each party agrees not to adopt an overall trade dress
23  which is confusingly similar to the current trade dress used by
24  the other party on their respective SLIMQUICK and SLIM-FAST
25  brand products.  To that end, the parties will not use a

```
X8C3YUNIC                    SEALED
```

1   typestyle/typeface for the respective SLIMQUICK and SLIM-FAST
2   marks which are confusingly similar to that used on its
3   respectfully SLIMQUICK and SLIM-FAST products.
4          In addition, defendants will not use red as a color
5   for the SLIMQUICK name on any of the defendants' product
6   packaging on its SLIMQUICK products.
7          Plaintiffs will not use blue as a color for the
8   SLIM-FAST name on any of plaintiffs' product packaging for
9   their SLIM-FAST product.
10         Defendants will always use the sixth interlocking
11  circles design logo on the front of their SLIMQUICK product
12  packaging.
13         Defendants will always show the front panel of the
14  SLIMQUICK product packaging in their print, online and
15  television advertising for their SLIMQUICK products.  This does
16  not apply to co-op advertising.
17         Plaintiffs will withdraw, with prejudice, their
18  opposition proceeding at the United States Patent and Trademark
19  Office with respect to SLIMQUICK and SLIMQUICK LABORATORIES
20  applications under serial number 76/652,169 and 76/652,168,
21  respectively.
22         Defendants will make available to plaintiffs upon a
23  two week notice testing results on an on-going basis for a
24  period of two years that verify the Hoodia gordonii content in
25  defendant's SLIMQUICK product.

```
X8C3YUNIC                    SEALED
```

1           THE COURT:  Off the record.

2           (Discussion off the record)

3           THE COURT:  Back on the record.

4           Specifically, there are two types of certifications
5   that the parties have agreed will be made available.  The first
6   are what are referred to as the "Cities. certifications before
7   the government for importation of Hoodia, and the second are
8   the manufacturers' certificates that the product being
9   manufactured for WELLNX's SLIMQUICK Hoodia does, indeed,
10  contain Hoodia.

11          Those are the two types of test certifications that
12  have been agreed to be made available to plaintiffs.  They will
13  keep such information confidential in terms of the settlement
14  agreement.

15          Continue.

16          MR. COLAIZZI:  Next point.

17          Defendants will make any changes necessary to comply
18  with the terms of this agreement within three months any new
19  packaging printed by defendants.

20          The defendants will not distribute any packaging
21  without the changes required by this agreement after a period
22  of twelve months.

23          Plaintiffs will provide a general release of claims to
24  defendants, its predecessors, successors, affiliates, agents,
25  officers, directors, assigns and employees.

1              Defendant shall include a statement that SLIMQUICK is
2    a trademark of Wellnx Life Sciences or any assignee thereto on
3    websites that feature the SLIMQUICK products that defendants
4    control.
5              THE COURT:  Off the record.
6              (Discussion off the record)
7              THE COURT:  Back on the record.
8              MR. COLAIZZI:  The defendants will increase the type
9    size of the "dietary supplement" or other supplement
10   requirement under the terms of the settlement agreement in the
11   statement of identity on the front of the product packaging.
12             That's it.
13             THE COURT:  And the reference to other supplements
14   there meant anything else that the FDA requires or approves.
15             The parties agree to use reasonable efforts to inform
16   the other of any actual consumer or other confusion between
17   their two products.
18             Mr. Gulia, as counsel of record for the plaintiffs,
19   including but not limited to Unilever, on behalf of the
20   plaintiffs and subject to the assent of your clients, which I
21   will ask for in a moment, do you agree to the terms of the
22   settlement as you heard and described to the court reporter?
23             MR. GULIA:  Yes, your Honor.
24             THE COURT:  Mr. Cobert, as in-house counsel, are you
25   authorized on behalf of Unilever to enter into this settlement?

```
X8C3YUNIC                   SEALED
```

1        MR. COBERT:  Yes.

2        THE COURT:  And having heard the terms of the

3   settlement, do you on behalf of Unilever and the other

4   plaintiffs agree to the terms of the settlement?

5        MR. COBERT:  Yes, your Honor.

6        THE COURT:  Now on the defense side, Mr. Colaizzi, as

7   counsel of record for the defendants and subject to the assent

8   of your clients, which I will ask for in a moment, on behalf of

9   all the defendants do you agree to the terms of the settlement?

10       MR. COLAIZZI:  Yes, your Honor.

11       THE COURT:  Mr. Petrie, you are the president of

12  Wellnx Life Sciences Incorporated, correct?

13       MR. PETRIE:  Correct.

14       THE COURT:  And you are authorized to enter into this

15  settlement on behalf of all defendants?

16       MR. PETRIE:  I am.

17       THE COURT:  And having heard the terms of the

18  settlement and having gotten the advice of your attorneys, do

19  you agree on behalf of Wellnx and the other defendants to the

20  terms of the settlement?

21       MR. PETRIE:  I do.

22       THE COURT:  All parties have now reached a binding

23  agreement.

24       I instruct the court reporter to treat this as per

25  usual as a confidential sealed record because the parties

```
X8C3YUNIC                       SEALED
```

1   request confidentiality, but to provide a courtesy copy to my
2   chambers, where I consider it an unofficial record, but if
3   anybody would consider it an official court record, it will be
4   a sealed record.  And, obviously, counsel of record here today
5   can and, indeed, are directed to purchase a transcript.
6          With that and happy holidays to all, we are adjourned.
7                              - - -